```
               UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF TEXAS
                   SAN ANTONIO DIVISION
```

**RAYMOND ALFRED GAGNON,**            §
                                      §
         Movant,                      §
                                      §
**V.**                                §   **CIVIL NO. SA-12-CA-1188-XR**
                                      §              **[SA-08-CR-471-XR]**
**UNITED STATES OF AMERICA,**         §
                                      §
         Respondent.                  §

### ORDER DENYING MOTIONS TO ALTER OR AMEND JUDGMENT

The matters before the Court are movant's motions to alter or amend judgment, filed October 28, 2013, docket entry nos. 60-61.

In a Memorandum Decision issued September 26, 2013, this Court denied as untimely and, alternatively without arguable merit, movant's Section 2255 motion to vacate, set aside, or correct his September 15, 2009 sentence for transportation of child pornography. *Docket entry no. 58.*  As explained in the Court's Memorandum Decision, movant pleaded guilty to a violation of 18 U.S.C. Section 2252(a)(1).  Movant then waited more than three years after his conviction became final before filing his Section 2255 motion in this Court.

For the reasons set forth in this Court's Memorandum Decision, none of the sworn declarations movant has attached to his motions to alter or amend judgment cast any aspersions on this Court's conclusions that movant has failed to present this Court with any truly newly discovered evidence sufficient to cast doubt on the validity of movant's guilty plea.  As this Court explained in its Memorandum Decision, Gagnon possessed personal knowledge of, or with the exercise of due diligence could have discovered, all of

the information contained in either movant's or Keven Grossenheider's sworn declarations accompanying movant's Section 2255 motion prior to the date movant entered his guilty plea in this cause.

The same is true for the allegedly new information contained in the documents movant has attached to his motions to alter or amend judgment. Rule 59(e), Fed.R.Civ.P., does not permit a party to raise arguments or present evidence that could have been raised prior to the entry of judgment. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 495 n.5, 128 S.Ct. 2605, 2617 n.5, 171 L.Ed.2d 570 (2008). Movant also fails to explain rationally why he did not present the new sworn declarations attached to his motions to alter or amend judgment to his motion to vacate, set aside, or correct his sentence.

Nothing contained in movant's motions to alter or amend judgment or the new declarations accompanying same warrants relief from this Court's denial of movant's clearly untimely Section 2255 motion. Nor does anything in movant's motions to alter or amend judgment cast doubt on this Court's alternative conclusion that movant's section 2255 motion lacked arguable merit. As explained in this Court's Memorandum Decision, movant entered a voluntary, intelligent, and knowing guilty plea to the charge against him. "Solemn declaration in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."

2

*Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977).  Nothing in movant's motions to alter or amend judgment casts any genuine doubt on the validity of movant's guilty plea or upon this Court's denial of his Section 2255 motion.

Accordingly it is hereby **ORDERED** that all relief requested in movant's motions to alter or amend judgment, i.e., docket entry nos. 60 & 61, is **DENIED.**

It is so ORDERED.

SIGNED this 30th day of January, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE